|  |  |
|---|---|
| LAMAR VEASEY, | No. 2:18-cv-02601 TLN AC (PS) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| CALIFORNIA STATE UNIVERSITY SACRAMENTO, and ERNIE HILLS, | |
| Defendants. | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff is proceeding in this action pro se. The action was accordingly referred to the undersigned by Local Rule 302(c)(21). On February 15, 2019, defendants filed a motion to dismiss. ECF No. 10. The matter came before the court on May 1, 2019, for hearing. ECF No. 17. Plaintiff appeared in person, and defense counsel appeared telephonically.

I. INTRODUCTION

Plaintiff filed this employment discrimination action on September 21, 2018 against defendants California State University Sacramento ("CSUS") and Ernie Hills. ECF No. 1. Plaintiff was granted leave to proceed in forma pauperis, and his original complaint was dismissed with leave to amend. ECF No. 3. Plaintiff filed a First Amended Complaint ("FAC") on October 29, 2018, asserting claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ECF No. 4. The court found the FAC presented sufficiently cognizable claims

1

and ordered service on defendants. ECF No. 5. Defendants now move to dismiss the FAC in its entirety. ECF No. 10.

## II. BACKGROUND

### A. The FAC's Allegations

Plaintiff, an African-American man, is employed by CSUS in its music department, where he works as an Instructional Support Technician. ECF No. 4 at 8. Plaintiff is the "only minority" employed in the department, "ha[s] never been demoted," and "do[es] not have a record of disciplinary actions." Id. at 9. He alleges the following adverse incidents. First, on multiple occasions from 2014 through October 2015, he was accused of not properly reporting his hours. Id. at 12-13. "From 2014 to present, defendants have made improper physical racial threats and unjustly tampered with [his] time sheets." Id. at 7. At a meeting with defendant Hills – who is identified only as the Director of the School of Music – plaintiff was "accused of colluding with [his] student assistants to commit payroll fraud." Id. at 2, 13. Defendants' "investigation report" implied that plaintiff was falsifying his time sheets, and it ignored evidence he provided in his defense. Ultimately, "[e]verything was proven correct," and it was shown that plaintiff's students actually underreported their time. Id. at 13.

Second, in 2015, a decision was made, without plaintiff's input, to move his office mid-semester. Id. at 10. Plaintiff was told to handle the move himself, although it required transporting five tons of vinyl records, and he had just returned to work from a back injury. Id. No other staff member has ever been forced to move offices mid-semester, and Caucasian staff moves are conducted with great care and courtesy during the summer. Id. at 11. Ultimately, his office was moved with the help of six people and a pallet jack, but he discovered that valuable university equipment was put in the recycling bin. Id. But for his race, he alleges that the move would have been executed in a less hostile manner. Id. Third, on March 10, 2016, he was accused of not following department procedure for reporting off-campus work. Specifically, on that date he received a "harassing email from defendant" "advising [him] that it is not acceptable for [him] to send an email for off-campus work." Id. at 9-10. No other employee was ever asked to stop sending emails for off-campus work, and he was "unjustly harassed and targeted." Id. at

2

9. Plaintiff asserts that defendants subjected him to disparate treatment and created a hostile work environment, and he seeks actual and punitive damages. Id. at 6-7, 13.

    B.  The Administrative Complaint

Plaintiff alleges that he filed an administrative charge regarding these allegations in May 2016. ECF No. 4 at 5. He attached to the FAC a copy of an EEOC Right-to-Sue letter dated June 18, 2018; but he did not attach a copy of his administrative complaint. Id. at 14. Defendants have submitted a request for judicial notice of plaintiff's administrative complaint, which they received enclosed with their Notice of Filing of Discrimination Complaint from the California Department of Fair Employment and Housing ("DFEH"). ECF No. 11. The court incorporates by reference the May 13, 2016 administrative complaint filed with the DFEH, as plaintiff expressly refers to this document in his FAC in order to allege timely exhaustion (ECF No. 4 at 5). See Branch v. Tunnell, 14 F.3d 449, 453-54 (9th Cir. 1994) (holding that "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss"), overruled on other grounds by Galbraith v. Cty. of Santa Clara, 307 F.3d 1119 (9th Cir. 2002).

In his administrative complaint to the DFEH, plaintiff made the following factual statement:

> 1. I, Lamar Veasey, allege that I was subjected to discrimination by respondent, [CSUS] due to one or more Fair Employment and Housing Act protected bases: Race.
>
> 2. I was denied a work environment free of discrimination and/or retaliation. The most recent harm occurred on or around March 10, 2016.
>
> 3. My belief is based on the following: I have been subjected to disparate treatment based on my race (African American). On March 10, 2016, Department Chair, Dr. Ernie Hills, reprimanded me for not getting his authorization and for not following procedure when leaving the campus. On December 2015, I was accused of misreporting my CTO. To the best of my knowledge other Instructional Support who are not African Americans are not subjected to the same treatment. This leads me to believe my race (African-American) is a factor in the disparate treatment.

ECF No. 11 at 8.

Defendants seek to dismiss the FAC pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants argue that the claims against defendant Hills must be dismissed because Hills is not

3

plaintiff's employer as defined in Title VII; and the claims against CSUS must be dismissed because plaintiff failed to exhaust administrative remedies, his allegations are barred by the statute of limitations, and the allegations do not state a Title VII claim for relief. ECF No. 10 at 2. Plaintiff opposes the motion, ECF No. 15; and defendants have filed a reply, ECF No. 16.

### C. DISCUSSION

#### A. Legal Standards for Rule 12(b)(6) Motion to Dismiss

"The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint." N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

In order to survive dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). It is insufficient for the pleading to contain a statement of facts that "merely creates a suspicion" that the pleader might have a legally cognizable right of action. Id. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-35 (3d ed. 2004)). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court "must accept as true all of the factual allegations contained in the complaint," construe those allegations in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 131 S. Ct. 3055 (2011); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010). However, the court need not accept as true legal conclusions cast in the form of

factual allegations, or allegations that contradict matters properly subject to judicial notice. See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). Pro se complaints are construed liberally and may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014). The court's liberal interpretation of a pro se complaint, however, may not supply essential elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992). A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

B. Defendant Hills Is Not Amenable to Suit Under Title VII

Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, prohibits employers, employment agencies, and labor unions from discriminating on the basis of, among other things, race or color. See 42 U.S.C. § 2000e–2(a)-(d). Plaintiff cannot state a Title VII claim against defendant Hills because Hills is not plaintiff's employer. While Hills' professional relation to plaintiff is somewhat unclear from the FAC, plaintiff confirmed at the hearing that Hills is his supervisor; whereas CSUS is his employer. The Ninth Circuit has "long held that Title VII does not provide a separate cause of action against supervisors or co-workers." Craig v. M & O Agencies, Inc., 496 F.3d 1047, 1058 (9th Cir. 2007) (citing Holly D. v. Cal. Inst. of Tech., 339 F.3d 1158, 1179 (9th Cir. 2003)).

Because Hills's conduct as plaintiff's supervisor may be attributed to plaintiff's employer, the court has considered plaintiff's allegations involving defendant Hills in reviewing his claims against CSUS. See Brooks v. City of San Mateo, 229 F.3d 917, 927 n.9 (9th Cir. 2000) ("Because the employer cloaks the supervisor with authority, we ordinarily attribute the supervisor's conduct directly to the employer."). However, the Title VII claims may not proceed

against Hills. Thus, all claims against defendant Hills should be dismissed with prejudice. See Schmier v. U.S. Court of Appeals for the Ninth Circuit, 279 F.3d 817, 824 (9th Cir. 2002) (amendment of complaint futile, and dismissal with prejudice thus appropriate, where plaintiff cannot allege necessary facts).

### C. Claims Related to the Office Move Must Be Dismissed for Failure to Exhaust Administrative Remedies

In order to encourage the handling of alleged discrimination through informal methods, Congress included in Title VII an "administrative exhaustion" requirement that charges of workplace discrimination must first be referred to state and federal administrative agencies. 4 Larson on Employment Discrimination § 70.01 (2019); see 42 U.S.C. § 2000e-5(f)(1), (e)(1). The filing of an administrative complaint with the Equal Employment Opportunity Commission ("EEOC") or appropriate state agency "is not a jurisdictional prerequisite for suit in federal court," but failure to comply is fatal to a discrimination claim. Kraus v. Presidio Tr. Facilities Div./Residential Mgmt. Branch, 572 F.3d 1039, 1043 (9th Cir. 2009).[1] Here, plaintiff filed an administrative complaint with DFEH, a state agency that enforces its own discrimination laws, and ultimately received notice of his right to sue from the EEOC. However, the administrative complaint refers only to two allegedly discriminatory actions: (1) the March 10, 2016 reprimand for off-campus work reporting procedure, and (2) a December 2015 accusation of misreported time. ECF No. 11 at 8. The administrative charge makes no mention of the 2015 "hostile" office move.

"Allegations of discrimination not included in the plaintiff's administrative charge may not be considered by a federal court unless the new claims are 'like or reasonably related to the allegations contained in the [administrative] charge.'" B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1100 (9th Cir. 2002), as amended (Feb. 20, 2002). "In determining whether a plaintiff has exhausted allegations that she did not specify in her administrative charge, it is appropriate to

---

[1] The Supreme Court is currently reviewing whether Title VII's administrative exhaustion requirement is jurisdictional. See Davis v. Fort Bend Cty., 893 F.3d 300 (5th Cir. 2018), cert. granted, No. 18-525, 2019 WL 166880 (U.S. Jan. 11, 2019). The Ninth Circuit treats the administrative exhaustion requirement as non-jurisdictional. Kraus, 572 F.3d at 1043.

consider such factors as the alleged basis of the discrimination, dates of discriminatory acts specified within the charge, perpetrators of discrimination named in the charge, and any locations at which discrimination is alleged to have occurred." Id.

Here, the court will disregard the FAC's allegations regarding the forced office move because they are not "like or reasonably related to" plaintiff's allegations to DFEH about unwarranted accusations of misreported time and off-campus work. While all three matters involve alleged racial animus, the forced office move stands apart as a distinct episode about which defendants were not reasonable notified by the contents of plaintiff's administrative complaint. At the hearing, plaintiff indicated that he possessed documents related to an EEOC investigation of his administrative complaint that contained information regarding the office move. The court requested that plaintiff supply these investigative documents, but plaintiff failed to do so.

On the present record, the undersigned must conclude that any claim based on the 2015 forced office move should be dismissed for lack of administrative exhaustion. As plaintiff is unable at this point to supplement his administrative charge, there is no cause to grant leave to amend the FAC with regard to these claims. See Schmier, 279 F.3d at 824.

D. Remaining Claims Must Be Dismissed for Failure to State a Claim

Plaintiff's remaining administratively exhausted claims consist of: (i) a disparate treatment claim related to the unequal enforcement of rules for reporting off-campus work, and (ii) a hostile work environment claim related to the completion of time sheets.

*i. Disparate Treatment Claim*

As stated in this court's previous order dismissing the original complaint, to establish a prima facie case of disparate treatment, a plaintiff must show that he (1) is a member of a protected class; (2) was qualified for and was performing his job satisfactorily; (3) experienced an adverse employment action; and that (4) similarly situated persons outside his protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination. Hawn v. Exec. Jet Mgmt., Inc., 615 F.3d 1151, 1156 (9th Cir. 2010). The FAC fails to state a claim for disparate treatment related to plaintiff's

7

reporting of off-campus work because plaintiff has not alleged that he experienced an "adverse employment action." While plaintiff describes unwarranted accusations of misconduct, the FAC contains no allegation that plaintiff was actually disciplined, received a reduction in pay, or suffered any material change in the terms or conditions of his employment. To the contrary, plaintiff alleges that he has never been demoted or disciplined. At the hearing, plaintiff confirmed that he has suffered no economic loss or change in his conditions of employment. Mere criticism of performance, without more, does not constitute an adverse employment action even when it is unfair. See Kortan v. California Youth Auth., 217 F.3d 1104, 1113 (9th Cir. 2000) (undeserved rating on official evaluation was not adverse in part because it did not cause plaintiff to be stripped of responsibilities, given more burdensome responsibilities, fired or suspended, denied raises, or given a reduced salary). Thus, the court should dismiss the FAC's disparate treatment claim related to off-campus work reporting.

*ii. Hostile Work Environment Claim*

"A hostile work environment claim involves a workplace atmosphere so discriminatory and abusive that it unreasonably interferes with the job performance of those harassed." Brooks, 229 F.3d at 923. As stated in this court's previous order dismissing the original complaint, "[t]o prevail on a hostile workplace claim premised on either race or sex, a plaintiff must show: (1) that he was subjected to verbal or physical conduct of a racial or sexual nature; (2) that the conduct was unwelcome; and (3) that the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive work environment." Vasquez v. City of Los Angeles, 349 F.3d 634, 642 (9th Cir. 2003), as amended (Jan. 2, 2004). "The working environment must both subjectively and objectively be perceived as abusive." Brooks, 229 F.3d at 923-24 (noting frequency, severity, and level of interference with work performance as factors "particularly relevant to the inquiry").

The FAC fails to state a claim for a hostile work environment based on accusations and investigations into plaintiff's time reporting. The FAC generally references "improper physical racial threats" but fails to identify a single example of racially abusive language or conduct. At the hearing, plaintiff confirmed that no racist language or imagery was directed toward him. At

best, plaintiff has alleged that on five discrete occasions over the course of two years, the accuracy of his time reporting was called into question. While plaintiff might understandably describe management's scrutiny as harassment in the colloquial sense of the word, "not all workplace conduct that may be described as harassment affects a term, condition, or privilege of employment within the meaning of Title VII." Meritor Sav. Bank v. Vinson, 477 U.S. 57, 67 (1986) (internal quotation marks and citation omitted). Thus, the court should likewise dismiss the FAC's hostile work environment claim related to time reporting.

### iii. Leave to Amend

The court should dismiss plaintiff's disparate treatment and hostile work environment claims without leave to amend. Courts must grant leave to amend where justice so requires. Fed. R. Civ. P. 15(a). A district court, however, may in its discretion deny leave to amend "due to 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" Leadsinger, Inc. v. BMG Music Publ'g, 512 F.3d 522, 532 (9th Cir. 2008). District courts have particularly broad discretion to dismiss without leave to amend where a plaintiff has amended once already. See Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 1007 (9th Cir. 2009), as amended (Feb. 10, 2009).

Plaintiff has already been given one chance to amend his complaint with detailed instructions by the court. The defects of the FAC stem not from insufficient factual detail, but from the failure of the detailed allegations to plausibly state a claim for relief. See Iqbal, 556 U.S. at 678. The facts alleged fall far short of stating a disparate treatment or hostile work environment claim against CSUS, and it is clear that in this case further amendment would be futile. Noll, 809 F.2d at 1448. Accordingly, it is recommended that these claims be dismissed with prejudice.

For the foregoing reasons, it is RECOMMENDED that:

1. Defendants' motion to dismiss (ECF No. 10) be GRANTED; and
2. Plaintiff's First Amended Complaint be dismissed with prejudice for failure to state a claim for relief, without further leave to amend.

9

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one (21) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Local Rule 304(d).  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 13, 2019

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE